**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4958**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

DONNIE LEE CURRY,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00063-MR-1)

Submitted:  May 10, 2012　　　　　　　　Decided:  May 25, 2012

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Henderson Hill, Director, Ross H. Richardson, First Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, David A. Thorneloe, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

From December 2009 through March 2010, Donnie Lee Curry engaged in several sexually explicit on-line chats with an undercover detective he believed to be an eleven-year-old girl. When he attempted to meet the girl in person, Curry was arrested. He subsequently pled guilty to one count of attempting to entice and coerce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b) (2006). The district court sentenced Curry to 168 months in prison, the bottom of the advisory Guidelines range, and ordered that he reimburse the United States for his court-appointed attorney's fees. Curry timely appeals, challenging the substantive reasonableness of his sentence and the reimbursement order. We affirm in part, vacate in part, and remand to the district court for partial resentencing.

We review a sentence under a deferential abuse of discretion standard, which requires consideration of both the procedural and substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Where there is no procedural error, and none is alleged here, we review the substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-

Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [2006] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Curry sought a sentence below the advisory Guidelines range, citing his lack of a criminal past, his good employment record, and the depression he suffered at the time he committed his offense. Observing that Curry's conduct continued over a period of months and that he demonstrated an intent to engage in the acts he discussed online, the court concluded that a within-Guidelines sentence was appropriate based on the nature and circumstances of the offense, the need to protect the community from Curry, and the need to deter others from engaging in similar criminal behavior.

Curry contends his sentence is substantively unreasonable because the court failed to give adequate weight to the reasons he cited for a variance. We disagree. The court's reasons for the sentence imposed were consistent with the 18 U.S.C. § 3553(a) sentencing factors and Curry's claim that the court should have accorded more weight to his arguments fails to overcome the presumption of reasonableness accorded his within-Guidelines sentence. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad

discretion when determining the weight to be given each of the § 3553(a) factors."), cert. denied, 132 S. Ct. 187 (2011).

Turning to Curry's challenge to the district court's order directing reimbursement of court-appointed attorney's fees, courts are authorized to require repayment of funds for appointed counsel upon a finding that "funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f) (2006). We recently held, in United States v. Moore, 666 F.3d 313, 320-24 (4th Cir. 2012), that "the district court must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of court-appointed attorneys' fees." Id. at 322.

Here, as the Government concedes, the district court failed to make the fact-finding determinations identified in Moore. Accordingly, we vacate that part of Curry's sentence requiring him to pay court-appointed attorney's fees, and remand for resentencing as to this issue only, consistent with this decision and our decision in Moore.

We affirm Curry's conviction, which he does not challenge on appeal. We affirm Curry's sentence in all respects except as to the direction that Curry repay court-appointed

4

attorney's fees.  We vacate that portion of the judgment, and remand for reconsideration of that issue.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

**AFFIRMED IN PART,**
**VACATED IN PART,**
**AND REMANDED**
